1   GEORGE JACKSON III (Admitted Pro Hac Vice)
    Email: gjackson@polsinelli.com
2   POLSINELLI SHUGHART PC
    161 N. Clark Street, Suite 4200
3   Chicago, IL 60601
    Telephone: (312) 819-1900
4   Facsimile: (312) 819-1910

5
    RYAN D. LAPIDUS (Bar No. 196838)
6   Email: ryan@lapiduslaw.com
    DANIEL C. LAPIDUS (Bar No. 227170)
7   Email: dan@lapiduslaw.com
    LAPIDUS & LAPIDUS
8   A PROFESSIONAL LAW CORPORATION
    177 SOUTH BEVERLY DRIVE
9   BEVERLY HILLS, CALIFORNIA 90212
    Telephone: 310-550-8700
10  Facsimile: 310-943-2471

11  Attorneys for Defendants
    CENTRIC GROUP, LLC and CENTRIC GROUP
12  HEALTH BENEFIT PLAN

13
                    **UNITED STATES DISTRICT COURT**
14
                    **CENTRAL DISTRICT OF CALIFORNIA**
15

16
    EDEN SURGICAL CENTER,                    CASE NO.:  2:10-cv-7024-RGK
17                                           (MANx)
                    Plaintiff,
18                                           **PROTECTIVE ORDER ENTERED
         vs.                                 PURSUANT TO THE PARTIES'
19                                           STIPULATION**
    CENTRIC GROUP, in its capacity as
20  Administrator of the CENTRIC
    GROUP HEALTH BENEFIT PLAN,
21  and CENTRIC GROUP HEALTH
    BENEFIT PLAN,
22
                    Defendants.
23

24

25

26

27

28

_____

                    PROTECTIVE ORDER - 1

1    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on

2    the Stipulated Protective Order ("Stipulation") entered by and between plaintiff

3    Eden Surgical Center ("Plaintiff") and defendants Centric Group, LLC and Centric

4    Group Health Benefit Plan ("Defendants"), filed on August 1, 2011, the terms of

5    the protective order to which the parties have agreed are adopted as a protective

6    order of this Court (which generally shall govern the pretrial phase of this action

7    except to the extent, as set forth below, that those terms have been substantially

8    modified by the Court's amendment of Paragraphs 3, 6(c), 8, 9, 11, and 15 of, and

9    Exhibit A to, the Stipulation.

10    The parties are expressly cautioned that the designation of any document,[1]

11    transcript of, or exhibit to, depositions, interrogatory answer, response to requests

12    for admissions, and other written, recorded, or graphic material, including all

13    copies, excerpts, abstracts, or summaries therefore (collectively, "Litigation

14    Material") as "CONFIDENTIAL" or other designation(s) used by parties, does not,

15    in and of itself, create any entitlement to file such Litigation Material, in whole or

16    in part, under seal.  Accordingly, reference to this Protective Order or to the

17    parties' designation of any Litigation Material as "CONFIDENTIAL," or other

18    designation(s) used by parties is wholly insufficient to warrant a filing under seal.

19

20    There is a strong presumption that the public has a right of access to judicial

21    proceedings and records in civil cases.  In connection with non-dispositive

22    motions, good cause must be shown to support a filing under seal.  The parties

23    have endeavored, in Paragraph 3 of their Stipulation, to make a prospective

24    showing of good cause.  The Court has stricken that paragraph, because a specific

25

26    _____

27    [1] The term "document" as used herein shall include any "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data

28    compilations . . . from which information can be obtained."  Federal Rules of Civil Procedure, Rule 34(a).

1   showing of good cause or compelling reasons (see below) for filing under seal,

2   with proper evidentiary support and legal justification, must be made with respect

3   to each item of Litigation Material sought to be filed under seal.  The parties' mere

4   designation of any Litigation Material as "CONFIDENTIAL," or other

5   designation(s) used by parties does not — **without the submission of competent**

6   **evidence, in the form of a declaration or declarations, establishing that the**

7   **Litigation Material sought to be filed under seal qualifies as confidential,**

8   **privileged, or otherwise protectable** — constitute good cause.

9        Further, if sealing is requested in connection with a dispositive motion or

10  trial, then compelling reasons, as opposed to good cause, for the sealing must be

11  shown, and the relief sought shall be narrowly tailored to serve the specific interest

12  to be protected.  *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th

13  Cir. 2010).  For each item of Litigation Material sought to be filed or introduced

14  under seal in connection with a dispositive motion or trial, the party seeking

15  protection must articulate compelling reasons, supported by specific facts and legal

16  justification, for the requested sealing order.  **Again, competent evidence**

17  **supporting the application to file Litigation Material under seal must be**

18  **provided by declaration.**

19       Any Litigation Material that is not confidential, privileged, or otherwise

20  protectible in its entirety will not be filed under seal if the confidential portions can

21  be redacted.  If the Litigation Material can be redacted, then a redacted version for

22  public viewing, omitting only the confidential, privileged, or otherwise protectible

23  portions of the document, shall be filed. Any application that seeks to file

24  Litigation Material under seal in their entirety should include an explanation of

25  why redaction is not feasible.

26       Notwithstanding any other provision of this Protective Order, in the event

27  that this case proceeds to trial, all Litigation Material discussed or introduced into

28

1  evidence at trial will become public and available to all members of the public,
2  including the press, unless sufficient cause is shown in advance of trial to proceed
3  otherwise.

4

5                              **STIPULATION**

6

7       1.      This Protective Order (the "Order") shall govern the use, handling,
   and disclosure of all **Litigation Material** produced, filed with the Court, served, or
8  obtained by any party or non-party in this action (collectively, "Person(s)").
9       2.      Any Person shall have the right, before disclosure to other parties, to
10 designate as "CONFIDENTIAL" Litigation Material it produces or provides that
11 an attorney on behalf of the party in good faith believes constitutes, reflects, or
12 discloses its confidential information; commercial information; personal, private
13 information of third parties; or other proprietary or highly confidential information.
14 For purposes of this Order, Litigation Material that may be designated as
15 "CONFIDENTIAL" shall be limited to non-public information and documents that
16 relate to:  (i) Plan documents and related Plan and claim information; (ii) pricing of
17 the medical services at issue; and (iii) personal, private information of third parties.
18       **3.      OMITTED BY THE COURT**
19       4.      All Litigation Material designated as "CONFIDENTIAL" and all
20 information derived therefrom, shall be referred to in this Order as "Designated
21 Material" and shall be handled in strict accordance with the terms of this Order.
22 Absent an order by the Court, such Designated Material shall be used by the parties
23 to this action solely in connection with this action or any appeal therefrom, and not
24 for any other purpose, except as required by law, and such Designated Material
25 shall not be disclosed to anyone except as provided herein.  Designated Material
26 may be disclosed only under the circumstances and to the persons specifically
27 provided for in this Order or any subsequent court order, or with the explicit
28

1 | written consent of the designating Person with respect to specifically identified

2 | Designated Material.

3 |      5.     Nothing contained herein shall prevent any Person from disclosing its

4 | own Designated Material or information contained therein as it deems appropriate;

5 | provided, however, that such disclosure shall not affect in any way the obligations

6 | of persons receiving Designated Material pursuant to this Order, unless such

7 | material meets the criteria set forth in paragraph 16 of this Order.  Further, based

8 | on such disclosures, any other party may seek to change the designation of such

9 | material pursuant to paragraph 14 of this Order.

10 |      6.     Litigation Material designated as "CONFIDENTIAL" or information

11 | derived therefrom may be disclosed, shown, or made available, or communicated

12 | in any way only to the following persons:

13 |      a.     qualified persons taking testimony involving Designated

14 | Material, and necessary stenographic, videographic, and clerical personnel thereof;

15 |      b.     experts or consultants and their staff who are employed for the

16 | purposes of this litigation, provided that the provisions of Paragraph 9 of this Order

17 | are complied with prior to disclosure of any Designated Material to such an expert

18 | or consultant;

19 |      c.     the Court and its personnel, **to whom the provisions of**

20 | **Paragraphs 9 and 10 of this Order shall not apply**;

21 |      d.     officers, directors and employees of the parties, but only to the

22 | extent necessary to participate in, assist in and monitor the progress of this action

23 | and for no other purpose, and provided that the provisions of Paragraph 9 of this

24 | Order are complied with prior to disclosure of any Designated Material to such

25 | officers, directors and employees;

26 |      e.     third parties specifically retained to assist outside counsel in

27 | copying, imaging, and/or coding of documents, but for that purpose only, provided

28 | that all such documents are kept and maintained in a separate and secure place and

1    that the third party retained to copy, image, or code confidential documents is not

2    currently performing any services, either as an employee, consultant, or otherwise

3    for any competitor of any party to this action or for one having any interest adverse

4    to any party to this action;

5            f.      witnesses deposed in this action or who are called as witnesses

6    at any hearing in this action, but only as set forth in Paragraph 11 of this Order.

7        7.      Designated Material shall be so designated by marking or stamping

8    such material "CONFIDENTIAL" at such time as the material is disclosed.

9    Making Litigation Material available for inspection shall not constitute a waiver of

10   any claim of confidentiality, and all Litigation Material provided for inspection

11   shall be treated as though designated as "CONFIDENTIAL" from the time of

12   inspection until those documents are produced.

13       8.      Any deposition testimony may be classified as Designated Material by

14   indicating on the record at the deposition, or within twenty (20) court days after

15   receipt of the transcript of such deposition, that the examination or testimony

16   discloses Designated Material under the terms of this Order.  The specific portions

17   of the original deposition transcript, of the exhibits, and of all copies of exhibits

18   thereto that contain Designated Material shall be identified by the designating

19   Person by letter to all other parties, and if and when filed with the Court, the

20   confidential portions of such transcripts shall be filed pursuant to Paragraph **17** of

21   this Order.

22       9.      Subject to the disclosure limitations set forth in Paragraph 6 and

23   except for persons described in Paragraph 6 subparts (a), **(c), (e)**, and (f) of this

24   Order, all persons to whom Designated Material is disclosed or by whom

25   Designated Material is used, including parties, non-parties, and their

26   representatives, shall be informed of and agree to be bound by the terms of this

27   Order and shall take all necessary precautions to prevent any disclosure or use of

28   Designated Material other than as authorized by this Order.

PROTECTIVE ORDER - 6

1    a.    Subject to the disclosure limitations set forth in Paragraph 6,

2  and prior to dissemination of Designated Material to any person, other than persons

3  described in Paragraph 6 subparts (a), **(c), (e)**, and (f) of this Order, the disclosing

4  party shall:  (i) obtain from such person a written acknowledgment, substantially in

5  the form of Exhibit A annexed hereto, that such person has reviewed a copy of this

6  Order, will comply with its terms in all respects, and will submit to the jurisdiction

7  of this Court for adjudication of any dispute about whether such person has

8  complied with the terms of this Order; (ii) maintain a copy of this acknowledgment

9  evidencing that such person has executed the undertaking set out herein; and (iii)

10  upon request, subject to the rules regarding expert disclosures, provide a copy of

11  this acknowledgment to the Person whose Designated Material it discloses.

12    b.    Individuals who are authorized to review Designated Material

13  pursuant to this Order shall hold the Designated Material and its contents in

14  confidence and shall not divulge the Designated Material or its contents, either

15  verbally or in writing except as expressly permitted by this Order, unless

16  authorized to do so by a further Order of this Court or as specifically required by

17  law.

18    10.    All Litigation Material designated "CONFIDENTIAL" shall be kept

19  in secure facilities, and access to those facilities shall be permitted only to those

20  persons set forth in Paragraph 6 of this Order.

21    11.    Witnesses deposed in this action or who are called as witnesses at any

22  **deposition or** hearing in this action may be shown Designated Material, but only

23  in preparation for, or during, the deposition or hearing, and only under the

24  following circumstances:

25    a.    The witness is identified as a originator, signatory, author,

26  addressee, or recipient of the original or a copy of the Designated Material or is in

27  a position that he or she would logically review or receive such Designated

28  Material in the course of his or her employment;

PROTECTIVE ORDER - 7

1          b.      The witness is otherwise entitled under this Order to see the

2    Designated Material; or

3          c.      The designating Person has given prior permission for the

4    witness to see the Designated Material and has notified all other parties that the

5    designating Person has waived confidentiality of the Designated Material as to

6    this witness.

7          12.    A designating Person who inadvertently fails to mark Designated

8    Material as "CONFIDENTIAL" at the time of the production shall have seven (7)

9    court days from discovery of the oversight to correct its failure.  Such correction

10   and notice thereof shall be made in writing, accompanied by substitute copies of

11   each Litigation Material appropriately marked as "CONFIDENTIAL."  Within five

12   (5) court days of receipt of the substitute copies, the receiving party shall return or

13   destroy the previously undesignated materials and all copies thereof that such party

14   has in its custody.

15         13.    If Designated Material is disclosed to any person or entity other than

16   in the manner authorized herein, the party responsible for the disclosure must

17   immediately bring all pertinent facts relating to such disclosure to the attention of

18   all interested parties and the Court, without prejudice to other rights and remedies

19   of the designating Person, and shall make every effort to prevent further disclosure

20   by it or by the person who was the recipient of such information.

21         14.    If at any time during the pendency or trial of this action, counsel for

22   any party claims that Designated Material is not appropriately so designated,

23   objecting counsel shall follow the procedures set forth in United States District

24   Court Central District of California Local Rules 37-1 though 37-4.  The parties

25   acknowledge that there are no time restrictions on the assertion of such rights or

26   procedures other than as set forth in the rules themselves.

27         15.    If any person receives a subpoena or other lawful process (referred to

28   in this paragraph as a subpoena) requesting or directing that party to produce to a

1  third-party (including, without limitation, a governmental agency) any Designated

2  Material, the person receiving the subpoena shall immediately give notice to the

3  designating Person of the fact of the subpoena and a summary of the documents

4  requested in the subpoena so as to enable the designating Person to attempt to

5  intervene or otherwise object to the production of the Designated Material.

6  **Nothing in these provisions should be construed as authorizing or**

7  **encouraging a subpoenaed party in this action to disobey a lawful directive**

8  **from another court**.

9       16.    Notwithstanding any other provision of this Order to the contrary, the

10  confidentiality obligations of this Order shall not apply or shall cease to apply to

11  any information that:

12            a.    at the time of disclosure hereunder was already in the public

13  domain by publication or otherwise;

14            b.    since the time of disclosure hereunder has become, through no

15  act or failure on the part of the receiving party, part of the public domain by

16  publication or otherwise; or

17            c.    after disclosure hereunder, was acquired by the receiving party

18  from a third party lawfully possessing the same and having no obligation to the

19  designating Person hereunder.

20       17.    Without express written permission from the designating Party or a

21  court order secured after appropriate notice to all interested persons, a Party may

22  not file in the public record of this litigation any Designated Material.  A Party that

23  seeks to file under seal any Designated Material must comply with Civil Local

24  Rule 79-5.

25       18.    Upon the termination of this proceeding, this Order shall continue to

26  be binding upon the parties hereto, and upon all persons to whom Designated

27  Material has been disclosed or communicated, and this Court shall retain

28  jurisdiction to enforce this Order.

PROTECTIVE ORDER - 9

19.    Subject to final order of the Court upon completion of any matters relating to this case, within twenty (20) calendar days after entry of any final and unappealable judgment in this litigation, any and all Designated Material shall be returned to the designating Person or, at the option of the designating Person, destroyed, provided, however, that counsel for each party shall be permitted to retain and archive Designated Material that is contained in pleadings, other court filings or deposition transcripts (including exhibits thereto).  If Designated Material is destroyed pursuant to this paragraph, the party destroying such Designated Material shall certify in writing to the designating Person that such destruction has taken place.

20.    This Order is being entered without prejudice to the right of any party to move to the Court for modification of, or relief from, any of its terms.

21.    When any third party produces documents or testimony pursuant to a request from a party in this matter, such third parties may designate their documents or testimony as "CONFIDENTIAL" pursuant to this Order.  In addition, within ten (10) court days of the receipt of any third-party documents or testimony, any of the parties may designate such documents or testimony as "CONFIDENTIAL" pursuant to this Order.

IT IS SO ORDERED.

DATED: August 24, 2011

*Margaret A. Nagle*

_____

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDEN SURGICAL CENTER,<br><br>        Plaintiff,<br><br>    vs.<br><br>CENTRIC GROUP, in its capacity as Administrator of the CENTRIC GROUP HEALTH BENEFIT PLAN, and CENTRIC GROUP HEALTH BENEFIT PLAN,<br><br>        Defendants. | CASE NO.:  2:10-cv-7024-RGK (MANx)<br><br>**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

My name is _____. My home address is

_____.  I am

employed as (state position) _____ at (state name and

address of employer)

    1.    I have read the Protective Order ("Order"), and a copy of it has been

given to me. I understand the provisions of the Order, and I agree to comply with

and to be bound by its provisions.

    2.    I further agree to submit to the jurisdiction of the Court for

adjudication of any dispute regarding my compliance with the terms of the Order.

    I declare under penalty of perjury under the law of the United States of

America that the foregoing is true and correct.

    Executed this _____ day of _____, 20____

at_____.

                                       _____
                                         (Signature)